WILHELM VANDRIE *v.* ELIZABETH MAGEL.

**Wills—Undue Influence—Improper Relations—Revocation of Former Will.**

APPEAL FROM JEFFERSON CIRCUIT COURT, C. P. DIVISIONS.

June 8, 1871.

OPINION OF THE COURT BY JUDGE HARDIN:

Admitting the fact that at the date of the papers purporting to have been executed on the 24th and 25th of March, 1869, William Magel, though near his death, was not mentally incompetent to make a valid testamentary disposition of his property; and conceding, also, that if the first of those papers was valid, it would constructively operate to revoke the will of 1866. We are constrained to conclude, after a careful consideration of all the evidence, that the judge of the court of common pleas, by whom the case was tried without a jury, properly established the will of 1866, which was unquestionably the true will of the testator unless revoked.

An elaborate statement or view of the evidence is not deemed necessary; it may suffice to say that it sustains the conclusion that the paper written and signed on the 24th of March, 1869, was the

result of an undue influence and advantage which the appellant and her sister and brother-in-law, Wilkerson, had and exercised over the testator; and that notwithstanding his improper relations with the appellant, he would not, in health and the free exercise of his own wishes and judgment, have given her his estate without having married her, and without canceling, or even attempting expressly to revoke his will of 1866, in favor of the grand-children of his deceased wife, to whose labor and economy, it appears, the accumulation of his property was in a great measure due.

Wherefore, the judgment is affirmed.

*Bramlette & Durrett, for appellant.*
*Elliott, Atchison & Joseph, for appellee.*